UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMBAT ZONE, INC.<br><br>        *Plaintiff*,<br>v.<br><br>DOES 1 – 22,<br><br>        *Defendants*. | CIVIL ACTION No.: 3:12-cv-30086<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR EARLY DISCOVERY** |

**I.   INTRODUCTION**

Plaintiff seeks the identities of all Doe defendants from their respective Internet Service Providers ("ISPs"), and seeks a Court order directing the ISPs to disclose the subscriber's personally identifiable information. Unless early discovery is granted, however, information Plaintiff requires will be irrecoverably lost, as the ISPs will cease to retain the necessary user logs. Thus, Plaintiff respectfully requests that the Court grant the motion for early discovery.

The specific information, documents, and subscriber records being sought from each ISP is the (1) name, (2) present address and address as of the timestamp, (3) e-mail address, (4) Media Access Control ("MAC") Address, and the (5) ISP's Terms of Service applicable to the subscriber of each defendant listed on Exhibit A attached to the Complaint.

**II.   FACTUAL BACKGROUND**

Doe defendants are individuals whose true names and addresses are unknown to Plaintiff. These Doe defendants duplicated and distributed unauthorized and infringing copies of Plaintiff's motion picture. Plaintiff has obtained the Internet Protocol ("IP") addresses assigned to the individual defendants; however, Plaintiff can only further

identify the infringers by reference to subscriber information that is not publicly available. Decl. of Jon Nicolini ¶ 36. As such, Plaintiff intends to subpoena each defendant's respective ISP in order to determine the identity of the Internet Subscriber who was assigned the corresponding IP address on the date and time of infringement, as seen in Exhibit A attached to the Complaint.

The information Plaintiff seeks is time-sensitive, as ISPs only retains the subscriber records for limited periods of time. Decl. of Jon Nicolini ¶ 37 ("ISPs retain their logs for only a limited time. [S]uch information is retained for only six months or less on average. Thus, such information must be requested expeditiously and the ISPs must be instructed to retain such information for this litigation."); See also UMG Recordings, Inc. v. Doe, 2008 WL 4104214 (ND. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference); Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § I4.06[A], at I4-03 (2003).

The information which Plaintiff will be requesting in the subpoenas issued to the ISPs is, in some cases, governed by the Cable Privacy Act, 47 U.S.C. § 551, which prohibits cable operators from disclosing personally-identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

Accordingly, Plaintiff requests that the Court issue the requisite Order instructing ISPs (those listed in Exhibit A attached to the Complaint) to produce any and all documents and/or information sufficient to identify the user or users of their respective IP addresses during the corresponding dates and times as listed in Exhibit A attached to the

Complaint.

### III. ARGUMENT

#### A. The Federal Rules Allow for Early Discovery

The Federal Rules of Civil Procedure allow for discovery prior to a Rule 26 conference upon a showing of good cause. See London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153, 164 (D. Mass. 2008) (Gertner, J.). Plaintiff respectfully submits that it has met the good cause requirement due to the fact that there is no other way to identify the Doe defendants outside of a subpoena to their respective ISPs, and that the necessary information will be irrecoverably lost if not discovered soon.

In cases such as this, courts have recognized that "[s]ervice of process can pose a special dilemma for plaintiffs . . . in which the tortious activity occurred entirely on-line." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999); London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153, 164 (D. Mass. 2008) (Gertner, J.). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) a concrete showing of a prima facie claim of actionable harm, (2) specificity of the discovery requests, (3) the absence of alternative means to obtain the subpoenaed information, (4) a central need for the subpoenaed information to advance the claim, and (5) the party's expectation of privacy. See Sony Music Enter. Inc. v. Does 1–40, 326 F.Supp.2d 556, 564–65 (S.D.N.Y. 2004) followed by London-Sire Records, Inc., 542 F.Supp.2d at 164, n.13 (collecting authorities that have followed the Sony Music standard).

#### 1. Plaintiff Presents a Prima Facie Case of Copyright Infringement

Plaintiff has presented a prima facie case that Doe defendants infringed its valid and registered copyright by participating in and sharing the exact same file. These allegations, which are set forth in the Complaint and its Decl. of Jon Nicolini, are legally-sufficient and

194

grounded concrete facts. Thus, early discovery is appropriate. See <u>London-Sire</u>, 542 F.Supp.2d at 164–65 ("[The] standard does not require the plaintiffs to prove their claim. They need only to proffer sufficient evidence that, if credited, would support findings in their favor . . . .").

Plaintiff has been demonstrated the owner of a valid copyright in the work at issue, and subject to valid Certificate of Copyright Registration issued by the Registrar of Copyrights, specified by Complaint's Exhibit C, record of Copyright Registration.[1] Plaintiff has also submitted evidence that the content file identified is an identical reproduction of Plaintiff's copyrighted work, which was created without its consent. Decl. of Jon Nicolini ¶¶ 20 – 28. Thus, Plaintiff has presented a legally-sufficient pleading that anyone who downloaded or distributed the content file is liable for copyright infringement.

Moreover, the evidence that the Doe defendants infringed Plaintiff's copyright is sufficiently concrete. As set forth in Decl. of Jon Nicolini ¶¶ 20 – 28, Plaintiff's investigator took rigorous steps in gathering the IP addresses at issue and confirming that the Does behind these IP addresses were actually distributing infringing copies of the Plaintiff's work. In particular, the investigator would: (1) use software to identify users who were offering the content file to the public, (2) connect to the user and download the file to confirm that the user was in fact making the file available for distribution, (3) review the file to confirm that it is in fact an copy of Plaintiff's work, and (4) collect publicly available information regarding the file transfer, including the IP address, the time and date of the download, and any meta-data associated with the file. <u>Id.</u> Thus, the factual underpinnings of Plaintiff's claim are sufficiently concrete to satisfy the <u>Sony Music</u> test.

---

[1] See <u>London-Sire</u>, 542 F.Supp.2d (In granting Plaintiffs' emergency ex parte motion to take early discovery, this Court accepted Plaintiffs' listing of registration numbers and owners, as seen in their Complaint's Exhibit A, and did so without being supplied Certificate of Copyright Registration.).

Furthermore, due to the architecture of the BitTorrent technology, there is little possibility that anyone caught with the content file is not guilty of downloading and/or distributing an infringement of Plaintiff's work. As discussed in detail Decl. of Jon Nicolini, whenever a file is made available on BitTorrent for the first time, it is assigned a unique identifier, or "Hash," such as the Hash that was assigned to Plaintiff's work. Since the Hash is unauthorized, and since no two files are assigned the same Hash, then it follows that all files bearing the Hash are unauthorized copies of Plaintiff's work. Thus, everyone caught with the Hash created an infringing copy of Plaintiff's work by downloading it over BitTorrent. Moreover, given that the BitTorrent protocol takes pieces from every available source to create new copies of the file, there is prima facie evidence to support a claim that each identified person also distributed an infringing copy of Plaintiff's work.

### 2. Plaintiff's Discovery Requests Are Reasonably Specific

The information obtained by Plaintiff's investigator is specific enough to identify the particular individuals responsible for infringing Plaintiff's copyright. Plaintiff's investigator has recorded each defendant's IP address at the precise time in which an infringement occurred, which should give the ISPs sufficient information to identify the account holder assigned to that address. Decl. of Jon Nicolini ¶ 30. Moreover, given the specificity of the information Plaintiff has obtained, there is no reason to suspect that a subpoena would require the ISPs to reveal any information with respect to individuals uninvolved with the infringement.

In addition, the subscriber information Plaintiff is requesting from the ISPs is also narrowly-focused on allowing Plaintiff to discover the identity of the infringers. In particular, Plaintiff is seeking to learn the subscribers' name, address, email address, and Media Access Control ("MAC") address. This information has been found to be appropriately discoverable by other courts in the same situation. See London-Sire, 542

194

F.Supp.2d at 178 and n.34 (early discovery of identifying information was appropriate, and noting the MAC address was "highly probative").

Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally-identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some Internet service providers, including those listed above in this motion, are also cable operators, Plaintiff requests that the Court order state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. See 47 U.S.C. §551.

### 3. The Identity of the Does Is Central to Plaintiff's Case, and It Cannot Otherwise Obtain this Information

There can be little dispute that Plaintiff meets the requirements of prongs 3 and 4 of the Sony Music test because the case cannot proceed without identifying the defendants, and the defendants cannot be identified until the requested information is subpoenaed from the defendants' ISPs. As numerous prior courts have agreed, early discovery is the only way to gain the information necessary to move the case forward. See e.g. London-Sire Records, Inc., 542 F.Supp.2d at 179 ("Without the names and address [of the John Doe defendants], the plaintiff cannot serve process and the litigation can never progress."); Sony Music, 326 F.Supp.2d at 566 (holding that prongs 3 and 4 were met in an analogous copyright infringement suit against anonymous users of a peer-to-peer network).

Plaintiff is aware of no alternative method of identifying the defendants other than by serving a subpoena on their ISPs. Thus, Plaintiff's only recourse is to serve a subpoena to the ISPs who have the required information.

### 4. The John Does' Expectation of Privacy, If Any, Is Protected by Allowing them 30 Days to Quash the Subpoena

The Doe defendants' expectations of privacy largely turn upon the terms of service agreements with their respective ISPs, as "many internet service providers require their users to acknowledge as a condition of service that they are forbidden from infringing copyright owner's rights, and that the ISP may be required to disclose their identity in litigation." See London-Sire Records, 542 F.Supp.2d at 179, citing Sony Music, 326 F.Supp.2d at 599. Until these terms of service agreements can be obtained from the ISPs, however, the Does' privacy rights will be sufficiently protected by allowing each defendant 30 days to quash the subpoena before any personally identifying information is disclosed by the ISP. See also First Time Videos, LLC v. Does 1-500, No. 10 C 6254, 2011 WL 3498227, at *5 (N.D. Ill. Aug. 9, 2011) (As explained by the district court, "[i]nternet subscribers do not have a reasonable expectation of privacy in their subscriber information - including name, address, phone number, and email address - as they have already conveyed such information to theirs ISPs."); Third Degree Films, Inc. v. DOES 1-2010, Civil No. 4:11 MC 2, 2011 WL 4759283, at *3 (N.D. Ind. Oct. 6, 2011) (citing First Time Videos, 2011 WL 3498227, at *4), held that because "[i]nternet subscribers share their information to set up their internet accounts," the subscribers "cannot proceed to assert a privacy interest over the same information they chose to disclose.").

## IV. CONCLUSION

Plaintiff has shown good cause as to why it should be entitled to early discovery to identify the individual users, and thus asks the Court to Grant the following requests:

1. Plaintiff requests that the Court issue the requisite Order instructing ISPs (those listed in Exhibit A attached to the Complaint) to produce any and all documents and/or information sufficient to identify the user or users of the above IP addresses during the corresponding dates and times as shown in Exhibit A attached to Complaint.

2.  Such discovery should be conditioned on: (1) the ISPs having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is sought by Plaintiff, and (2) each subscriber whose identity is sought having 30 calendar days from the date of such notice to file any papers contesting the subpoena.

*   *   *

Respectfully submitted on May 9, 2012,

                          FOR THE PLAINTIFF:

                          */s/ Marvin Cable*

                          Marvin Cable, Esq.
                          BBO#:  680968
                          LAW OFFICES OF MARVIN CABLE
                          P.O. Box 1630
                          Northampton, MA 01061
                          P: (413) 268-6500
                          F: (413) 268-6500
                          E: law@marvincable.com

### **CERTIFICATE OF SERVICE**

     I hereby certify that on May 9, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                          */s/ Marvin Cable*
                          Marvin Cable, Esq.